**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**VERITAS RECOVERY CENTER**,

Plaintiff,

v.

**CITY OF SOUTH AMBOY**, *et al.*,

Defendants.

Civil Action No. 23-2420 (ZNQ) (DEA)

**OPINION**

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion for an Order to Show Cause filed by Plaintiff Veritas Recovery Center ("Plaintiff" or "VRC"). ("Motion", ECF No. 4.) VRC filed a brief in support of the Motion. ("Moving Br.", ECF No. 4 at Page ID 116–141.) Defendants City of South Amboy, Fred Henry, Joseph Connors, Michael Gross, Zusette Dato, Donald Applegate, Christine Noble, Angelo Valetutto, Jason Valetutto, and Planning and Zoning Board of the City of South Amboy (collectively, "Defendants") have not yet filed an opposition. In light of the emergent relief sought by the Motion, the Court will address it without the benefit of Defendants' response.

The Court has carefully considered Plaintiff's submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will DENY Plaintiff's Motion for an Order to Show Cause.

1

I.   **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff initiated the instant matter on May 2, 2023 by filing a Verified Complaint ("Compl.", ECF No. 1) and Motion for an Order to Show Cause (ECF No. 4). For the purposes of this Motion, the Court will briefly outline the relevant facts set forth in the Verified Complaint.

VRC is a New Jersey limited liability company with an address in South Amboy, New Jersey. (Compl. ¶ 5.) VRC is the owner and operator of a for-profit drug and alcohol rehabilitation facility (the "VRC Facility") located at 540 Bordentown Avenue, South Amboy, New Jersey (the "Property"). (*Id.*)

By resolution dated May 2, 2001, the City of South Amboy ("the City") designated the Property as an "area in need of redevelopment." (*Id.* ¶ 19.) The City thereafter developed, and the city council adopted, a redevelopment plan (the "Redevelopment Plan"). (*Id.* ¶¶ 20, 21.)

On May 9, 2007, the Planning and Zoning Board of the City of South Amboy found that Plaintiff's proposed residential drug and alcohol rehabilitation facility was not permitted under the redevelopment plan. (*Id.* ¶ 36.) After a lengthy litigation in state court, however, the City agreed that the Property may be used for any purpose permitted by the Redevelopment Plan, including the use as an alcohol/substance abuse treatment facility. (*Id.* ¶ 41.) Plaintiff was therefore permitted to use the Property as a drug and alcohol rehabilitation facility. (*Id.* ¶ 42.)

On June 19, 2013, the City adopted Ordinance No. 8-2013 ('the Ordinance"), which amended and revised the Redevelopment Plan. (*Id.* ¶ 54.) The Ordinance No. 8-2013 expressly states that an alcohol/substance abuse treatment facility with related services is a permitted use in the redevelopment zone. (*Id.* ¶ 57.) It also places certain limits within the Redevelopment Zone: "[n]o single use can exceed 42,000 square feet of rental floor area, except for the use of

alcohol/substance abuse treatment facility with related services, which shall not exceed 31,000 square feet of rentable floor area." (*Id*. ¶ 57.)

VRC began operating at the Property in November of 2017 as a for-profit substance abuse and inpatient withdrawal management treatment facility. (*Id*. ¶ 62.) VRC does not presently have enough licensed beds or physical space to accommodate the number of disabled persons who have sought treatment at the VRC Facility. (*Id*. ¶ 73.) To accommodate the growing number of individuals seeking rehabilitation services, VRC sought to expand the footprint of the VRC Facility within the Property to be able to provide additional outpatient services as well as accommodate additional residential patients. (*Id*. ¶ 75.)

On October 4, 2022, Andy Piscatelli, on behalf of VRC, applied for a zoning permit to expand the footprint of the VRC Facility. (*Id*. ¶ 76.) On October 28, 2022, Jason Valetutto, the Zoning Officer for the City, refused to issue VRC's zoning permit. (*Id*. ¶ 77.)

VRC now seeks to preliminarily enjoin defendants City of South Amboy and the Planning and Zoning Board of the City of South Amboy from enforcing the Ordinance's provision limiting the alcohol/substance abuse treatment facility use to a maximum of 31,000 square feet of rental floor area. (Moving Br. at 1–2.)

## II.   LEGAL STANDARD

To obtain a preliminary injunction, the moving party must demonstrate: "(1) the reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured if relief is not granted. Moreover, the district court also should take into account, when relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." *South Camden Citizens in Action v. N.J. Dep't of Envtl. Prot*., 274 F.3d 771, 777 (3d Cir. 2001). "[A] district court—in its sound discretion—should balance those four factors

so long as the party seeking the injunction meets the threshold on the first two." *Id*. (citing *Oburn v. Shapp*, 521 F.2d 142, 147 (3d Cir. 1975)). It follows that a "failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *See id*. at 777 (citing *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir.1982)). As a threshold matter, the Court therefore considers the first two prongs together. "Only when a plaintiff has sufficiently met the first two prongs, does the Court consider the third prong relating to the possibility of harm to other parties and finally, evaluate whether public interest is served by granting injunctive relief." *Tanko v. Moore*, Civ. No. 23-2187, 2023 WL 3033573, at *1 (D.N.J. April 21, 2023) (internal citation and quotation marks omitted).

### III. DISCUSSION

In this case, the Court need only analyze the second factor of the preliminary injunction analysis, because, for the reasons set forth below, the Court finds that Plaintiff has failed to show that it will suffer irreparable harm. *See Exec. Home Care Franchising LLC v. Marshall Health Corp.*, Civ. No. 15-760, 2015 WL 1422133, at *3 (D.N.J. Mar. 26, 2015).

Plaintiff argues that the Ordinance violates the Americans with Disabilities Act, the Rehabilitation Act, and the Fair Housing Act. (Moving Br. at 5–6.) Plaintiff additionally maintains that the Ordinance violates the Due Process and Equal Protection Clauses of the New Jersey and U.S. Constitutions. (*Id*. at 13.) Plaintiff contends that the adoption of the Ordinance was an invalid exercise of the municipal zoning power under the Municipal Land Use Law (N.J.S.A. 40:55D-62(a)), and violates the New Jersey Law Against Discrimination. (*Id*. at 15–16.)

Plaintiff, as the moving party, "has the burden of establishing a 'clear showing of immediate irreparable injury.'" *Tracey v. Recovco Mortg. Mgmt. LLC*, 451 F. Supp. 3d 337, 344 (D.N.J. 2020) (quoting *Louis v. Bledsoe*, 438 F. App'x 129, 131 (3d Cir. 2011)). Irreparable injury

means harm "such that legal remedies are rendered inadequate." *Tilden Recreational Vehicles, Inc. v. Belair*, 786 F. App'x 335, 342 (3d Cir. 2019) (citing *Anderson v. Davila*, 125 F.3d 148, 163 (3d Cir. 1997).

Demonstrating irreparable harm is perhaps the single most important prerequisite for issuing a preliminary injunction. *Donlow v. Garfield Park Acad.*, Civ. No. 09-6248, 2010 WL 1381010, at *1 (D.N.J. Apr. 1, 2010) (internal citations omitted). The party seeking injunctive relief must demonstrate irreparable harm by "a clear showing of immediate irreparable injury." *Id.* (quoting *Florence v. Bd. of Chosen Freeholders*, 595 F. Supp. 2d 492, 514 (D.N.J. 2009)). Before a court may issue preliminary injunctive relief, it must be convinced that the injunction is "the only way of protecting the plaintiff from [the] harm" in question. *See Ace Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 731 (3d Cir. 2009). "The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat" of irreparable harm. *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 487 (3d Cir. 2000). "Establishing a risk of irreparable harm is not enough. [Rather,] a clear showing of immediate irreparable injury is required." *Naccarati v. Wilkins Twp.,* 846 F. Supp. 405, 408 (W.D. Pa. 1993) (citing *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)). In other words, the risk of irreparable harm must not be speculative. *Acierno*, 40 F.3d at 655. Furthermore, a court cannot find irreparable harm where a defendant's breach can be adequately remedied by monetary damages. *Peterson v. HVM L.L.C.*, Civ. No. 14-1137, 2015 WL 3648839, at *6 (D.N.J. June 11, 2015).

Here, Plaintiff argues that "the harm which will be suffered by the disabled persons who desperately need treatment but cannot obtain it because VRC is not permitted to expand its facility is irreparable." (Moving Br. at 16.) Plaintiff asserts that "if the disabled persons, who are presently

on the waitlist to obtain treatment, are not able to obtain treatment at the VRC Facility, they face death." (*Id*. at 16–17.) Unfortunately, Plaintiff makes no showing in support of its bald assertions. It does not identify how many would-be patients are on its waitlist, nor does it disclose how long they are waiting. Also notably absent from Plaintiff's submission is any information as to the availability of treatment at competing facilities. On this record, the Court is therefore compelled to find that Plaintiff has failed to make a "*clear* showing of immediate irreparable injury." *See Donlow*, 2010 WL 1381010, at *1 (emphasis added).

In reaching its conclusion, the Court is mindful that New Jersey, indeed the entire country, is grappling with the opioid addiction crisis. Still, this does not relieve Plaintiff of its obligation to make a clear showing of immediate irreparable injury to obtain the extraordinary remedy of preliminary injunctive relief. In the absence of that showing, the Court must deny Plaintiff's application.

## IV.     CONCLUSION

For the reasons stated above, the Court will DENY Plaintiff's Motion for an Order to Show Cause. An appropriate Order will follow.


Date: **May 4, 2023**

                                                 s/ Zahid N. Quraishi
                                                 **ZAHID N. QURAISHI**
                                                 **UNITED STATES DISTRICT JUDGE**