UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VERITAS RECOVERY CENTER, LLC,** | Civil Action No. 23-2420 (ZNQ)(JTQ) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| **CITY OF SOUTH AMBOY, PLANNING AND ZONING BOARD OF THE CITY OF SOUTH AMBOY, FRED HENRY, Mayor of the City of South Amboy, et al.,** | |
| Defendants. | |
| **CITY OF SOUTH AMBOY,** | |
| Third-Party Plaintiff, | |
| v. | |
| **ROCKY TOP LLC, ANDREW PISCATELLI, II and ANDREW PISCATELLI, III,** | |
| Third-Party Defendants. | |

THIS MATTER comes before the Court on a Motion for Leave to Amend the Complaint by Plaintiff Veritas Recovery Center, LLC ("Plaintiff" or "VRC"). ECF No. 55. On May 28, 2025, Defendants City of South Amboy (the "City"), the Planning and Zoning Board of the City of South Amboy, Fred Henry, Joseph E. Connors, Michael Gross, Zusette Dato, Donald Applegate, Christine Noble, Angelo Valetutto, P.E., P.P, and Jason C. Valetutto, P.E., P.P. (collectively, "Defendants") opposed the motion.

1

Plaintiff filed its reply on June 9, 2025. The Court has fully reviewed the submissions of the parties and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's Motion is GRANTED.

I.     BACKGROUND[1]

Third-Party Defendants Andrew Piscatelli and Drew Piscatelli (collectively, the "Piscatelli's") together own and operate Plaintiff VRC. VRC, in turn, is the owner and operator of a for-profit drug and alcohol rehabilitation facility (the "VRC Facility") located at 540 Bordentown Avenue, South Amboy, New Jersey (the "Property"). Compl. ¶ 5. By resolution dated May 2, 2001, the City designated the Property as an "area in need of redevelopment." *Id.* ¶ 19. The City thereafter developed and adopted a redevelopment plan (the "Redevelopment Plan"). *Id.* ¶¶ 20, 21.

On May 9, 2007, the Planning and Zoning Board of the City of South Amboy found that Plaintiff's proposed residential drug and alcohol rehabilitation facility was not permitted under the Redevelopment Plan. *Id.* ¶ 36. After a lengthy litigation in state court, however, the City agreed that the Property may be used for any purpose permitted by the Redevelopment Plan, including the use as an alcohol/substance abuse treatment facility. *Id.* ¶ 41.

On June 19, 2013, the City adopted Ordinance No. 8-2013 ("the Ordinance"), which amended and revised the Redevelopment Plan. *Id.* ¶ 54. The Ordinance

---

[1] The following facts are taken from Plaintiff's Complaint, ECF No. 1 ("Compl."), and are assumed true for the purposes of this decision.

expressly permits the use of an alcohol/substance abuse treatment facility with related services within the redevelopment zone. *Id.* ¶ 57. However, the Ordinance also places certain limitations within the redevelopment zone, including the following provision: "[n]o single use can exceed 42,000 square feet of rental floor area, except for the use of 3 alcohol/substance abuse treatment facility with related services, which shall not exceed 31,000 square feet of rentable floor area." *Id.* ¶ 57.

VRC began operating at the Property in November of 2017 as a for-profit substance abuse and inpatient withdrawal management treatment facility. *Id.* ¶ 62. VRC alleges that it does not have enough licensed beds or physical space to accommodate the number of disabled persons seeking treatment at the VRC Facility. *Id.* ¶ 73. Thus, to accommodate the growing number of patients, VRC sought to expand the footprint of the VRC Facility to provide additional outpatient services as well as accommodate additional residential patients. *Id.* ¶ 75.

On October 4, 2022, Andrew Piscatelli, on behalf of VRC, applied for a zoning permit to expand the footprint of the VRC Facility (the "the 2022 Application"). *Id.* ¶ 76. On October 28, 2022, Jason Valetutto, the Zoning Officer for the City, refused to issue VRC's zoning permit for failure to provide sufficient information regarding the dimensions and uses for areas within the VRC Facility. *Id.* ¶ 76. Plaintiff alleges that the denial was part of a continued effort to prevent the expansion of the drug and alcohol rehabilitation facility. *Id.* ¶ 77. The suit at hand followed.

Plaintiff commenced this action with the filing of a Verified Complaint on May 2, 2023 and Motion for an Order to Show Cause. ECF No. 4. On March 28, 2025,

counsel for Defendants sent Plaintiff a letter pursuant to Fed. R. Civ. P. 11. ECF No. 55-1 at 15. In said letter, Defendants' counsel raised concerns regarding VRC's standing and noted that instead of VRC, its affiliated company, Quality Outpatient Rehabilitation, LLC ("QOR"), was identified as the new tenant for the expansion on the 2022 Application. *Id.* On April 3, 2025, the Court issued a Scheduling Order requiring that any motion to amend the pleadings be filed by May 15, 2025. Thereafter, Plaintiff responded to the Rule 11 Letter, notifying Defendants of its intention to amend the Complaint to include QOR and the Piscatelli's (collectively, "Prospective Plaintiffs") as named plaintiffs. *Id*. This motion followed.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15, once a party's time to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the Third Circuit, "courts have 'consistently adopted a liberal approach to the allowance of amendments.'" *Elfar v. Twp. of Holmdel*, 2023 WL 4764776, at *3 (D.N.J. July 26, 2023) (quoting *DLJ Mortg. Capital, Inc. v. Sheridan*, 975 F.3d 358, 369 (3d Cir. 2020)). Accordingly, leave to amend is freely given "unless denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay,

4

repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (internal quotation marks omitted).

### III.   ANALYSIS

Plaintiff seeks leave to amend the Complaint to join its affiliated company, QOR, and the individual owners of both VRC and QOR, the Piscatelli's, as named plaintiffs in this action. Plaintiff contends that the Prospective Plaintiffs have standing and that there otherwise exists no basis under Rule 15 to deny the motion.[2] Specifically, Plaintiff posits that there is neither undue delay nor bad faith or dilatory motive, particularly given the swiftness in which Plaintiff acted after Defendants notified Plaintiff of the alleged issue. Plaintiff further asserts that there is no undue prejudice to Defendants as no additional discovery will be required. Plaintiff finally contends that futility is a non-issue, since the Prospective Plaintiffs have standing to pursue the claim.

Defendants object to the amendment, raising various arguments on each of the Rule 15 grounds—*i.e.*, (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, and (4) futility. ECF No. 56 at 12. Defendants lodge conclusory objections to the addition of Prospective Plaintiffs as a group in their arguments addressing

---

[2] While Plaintiff predominantly discusses the amendment under Rule 15, Plaintiff includes a short discussion of QOR as a necessary party pursuant to Rule 19(a) in its moving brief. ECF No. 55-1 at 19 (quoting Fed. R. Civ. P. 19(a)). This argument was not fully briefed with no foundation laid or precedent cited as to the Rule's applicability to the facts at hand. Further, the Rule 19 argument was not raised in either Defendants' opposition or Plaintiff's reply papers. Thus, the Court will abstain from addressing it further.

delay, motive, and prejudice—failing to articulate specific objections to QOR or the Piscatelli's individually. Where Defendants do make distinct objections is in their discussions of standing. *Id.* at 15-16. However, even here, Defendants primarily discuss QOR. Defendants, in addressing the Piscatelli's "standing," merely state that "both Piscatelli's are already named in this action as Third[-]Party Defendants and could have filed counter claims, so there is no need for them to be named as Plaintiffs." *Id.* The Court does not see how the Piscatelli's status as Third-Party Defendants negates their standing. Defendants proffer no citations to any caselaw throughout the entirety of their legal analysis, let alone to support this challenge to standing. After careful consideration, the Court has little trouble concluding that Plaintiff has the better of the Rule 15 arguments here.

First, the Court finds no undue delay in Plaintiff's seeking to amend the Complaint. Although two years have passed since the filing of the original Verified Complaint, the mere passage of time "cannot justify denying leave to amend by itself." *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017). Indeed, the "question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). Here, VRC sought leave to amend as a curative response to the Rule 11 Letter sent by Defendants wherein *Defendants* raised the issue of QOR's status as the future tenant with potential interests in this litigation. After giving Defendants notice, Plaintiff filed the instant motion within two months of receiving said letter and within the time period prescribed by the Court in the April 3, 2025 Scheduling Order. *See* ECF No. 54. Regarding the Piscatelli's,

6

Defendants posit that the Piscatelli's, as Third-Party Defendants, could have filed counterclaims in the third-party action when claims were first brought against them. While this is true, that fact alone does not result in undue delay. This record does not support a finding of undue delay.

Second, and for similar reasons, Defendants have failed to establish that Plaintiff seeks to amend the Complaint out of bad faith or a dilatory motive. Defendants point to no evidence of bad faith; instead, they make unsubstantiated claims that any amendment by Plaintiff could only be made to prolong litigation. ECF No. 56 at 14. These claims, however, fail to explain how the amendment is being advanced to delay the case. The Court is thus left with nothing more than Defendants' conclusory assertions of bad faith or a dilatory motive, which are insufficient.

Third, the Court declines to find that Defendants will be unduly prejudiced by the amendment. Defendants argue that if leave is granted to bring in three additional plaintiffs, discovery would have to be reopened with additional depositions required. ECF No. 56 at 12-14. Defendants reiterate their prior argument that this would further prolong litigation and result in significant additional costs. *Id.* at 14. The Court understands these concerns but does not find this alleged prejudice to be undue such that the amendment should be denied.

While discovery is now closed, it was open at the time of the filing of this motion.³ *See Hagans v. Nat'l Mentor Healthcare, Inc.*, 2024 U.S. Dist. LEXIS 106931, at *3 (D.N.J. June 17, 2024) (concluding that "[g]enerally, courts have not found undue prejudice when a party moves to amend while discovery is still open"). Moreover, the amendment seeks to add three similarly situated individuals and entities as named plaintiffs. The amendment does not add additional causes of action or expand the claims. The Piscatelli's, in particular, have already been involved in the action not only as member-representatives of VRC, but also as Third-Party Defendants. In fact, Defendants have already deposed the Piscatelli's specifically on the issue of QOR's status as the applicant on the 2022 Application. ECF No. 55-1 at 2. As such, this amendment does not significantly increase the scope of discovery. *See Cabrera v. Oliphant Fin., LLC*, 2025 U.S. Dist. LEXIS 142629, at *9 (D.N.J. July 25, 2025) (finding that an amendment only seeking to name two additional similarly situated plaintiffs would not increase the scope of discovery or result in undue prejudice). If additional discovery is required, as alleged by Defendants, it will be narrowly tailored, which plainly cuts against Defendants' argument of prejudice and burden. Regardless, there is no undue prejudice here.

Finally, Defendants' argument that the amendment would be futile is equally unavailing. Defendants purport that QOR lacks standing because it is a chiropractic

---

³ Pursuant to the April 3, 2025 scheduling order (ECF No. 54), all fact discovery was to completed by April 30, 2025. All written discovery was to be completed by June 15, 2025. Thus, while the period for fact discovery had elapsed prior to the filing of the instant motion, discovery generally was still ongoing.

8

entity for which there is no State license required for such a facility. ECF No. 56 at 15. Defendants further maintain that QOR lacks standing because the denial of the zoning permit for this entity was due to a QOR's failure to provide the information required by the City's Ordinances and by the New Jersey Land Use Law. *Id.* With respect to the Piscatelli's, Defendants simply claim that there is no need for them to be named as plaintiffs because they could have filed counterclaims as Third-Party Defendants. *Id.* at 16.

The Court is not persuaded. As Plaintiff notes, QOR, a separate legal entity from VRC, was listed as the new tenant on the 2022 Application. ECF No. 57 at 5. QOR planned to operate an outpatient therapy treatment at the Property as part of the Facility. *Id.* Thus, QOR suffered harm when the 2022 Application was denied, regardless of the type of services that were to be provided. The Piscatelli's, as owners of VRC and QOR, are the individuals that allegedly suffered harm from the denial insofar as they were prohibited from renting out areas of the Property to tenants, such as QOR. It is apparent that the Prospective Plaintiffs have standing. *See, Vill. Of Arlington Heights v. Metro. Hou. Dev. Corp.,* 429 U.S. 252, 263 (1997) (concluding that a prospective tenant for a low-income housing development had standing to challenge the town's discriminatory zoning ordinances where specific plans had been drafted for the development); *see also Toll Bros., Inc. v. Township of Readington*, 555 F.3d 131, 140 (3d Cir. 2009) (holding that a plaintiff with an option to buy property subject to zoning restrictions had standing to challenge the restrictions that barred development). If after the filing of the Amended Complaint, Defendants still believe

9

that the newly named plaintiffs lack standing, they have an avenue for redress in the form of a 12(b)(6) Motion. Defendants should be aware of this as that was the purpose of the original Rule 11 Letter.

In short, the Court declines to find any undue delay, bad faith or dilatory motive, undue prejudice, or futility. And because leave to amend must be freely given, *Long*, 393 F.3d at 400, Plaintiff's motion is granted.

## IV. CONCLUSION AND ORDER

Having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78 and for the reasons set forth above;

**IT IS** on this 3rd day of December, 2025

**ORDERED** that the Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 55) is GRANTED; and it is further

**ORDERED** that Plaintiff is to file the Proposed Amended Complaint no later than December 30, 2025; and it is further

**ORDERED** that the Clerk is to terminate ECF No. 55.

s/ Justin T. Quinn  
HON. JUSTIN T. QUINN  
United States Magistrate Judge